JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEBORAH BENNETT

**DEFENDANTS**

SEPTA, SCOTT SAUER

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Olugbenga O. Abiona, 121 South Broad Street, ste. 1200 Philadelphia, PA 19107; 215833-8227

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury ☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability ☐ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 690 Other | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** ☐ 820 Copyrights ☐ 830 Patent ☐ 835 Patent - Abbreviated New Drug Application ☐ 840 Trademark ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act ☐ 376 Qui Tam (31 USC 3729(a)) ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit (15 USC 1681 or 1692) ☐ 485 Telephone Consumer Protection Act ☐ 490 Cable/Sat TV |
| ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise | | | **LABOR** ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Management Relations ☐ 740 Railway Labor Act ☐ 751 Family and Medical Leave Act ☐ 790 Other Labor Litigation ☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ Exchange ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 893 Environmental Matters ☐ 895 Freedom of Information Act ☐ 896 Arbitration ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision ☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | **CIVIL RIGHTS** ☐ 440 Other Civil Rights ☐ 441 Voting ☒ 442 Employment ☐ 443 Housing/ Accommodations ☐ 445 Amer. w/Disabilities - Employment ☐ 446 Amer. w/Disabilities - Other ☐ 448 Education | **PRISONER PETITIONS** **Habeas Corpus:** ☐ 463 Alien Detainee ☐ 510 Motions to Vacate Sentence ☐ 530 General ☐ 535 Death Penalty **Other:** ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609 **IMMIGRATION** ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII, 42 U.S.C. Section 2000e et seq.

Brief description of cause:
Race discrimination practices and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
Apr 3, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _Philadelphia, PA 19120_

Address of Defendant: _1234 Market Street, Philadelphia, PA 19107_

Place of Accident, Incident or Transaction: _Philadelphia_

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _4/3/2023_   _Must sign here_   57026
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Olugbenga O. Abiona, Esquire_, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _4/3/2023_   _Sign here if applicable_   57026
Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

--------------------------------

DEBORAH BENNETT : CIVIL ACTION N0.
       Plaintiff :

vs. :
        :

SEPTA :
SCOTT SAUER :
       Defendants :

---

## COMPLAINT AND JURY DEMAND

## I. INTRODUCTION

1. Plaintiff in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon his causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C 2000e, et seq., and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §951, et seq, which prohibits race discrimination and retaliation by employers, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, deliberate and intentional discrimination and retaliation by Defendant SEPTA, with respect to the wages, compensation, benefits, terms, conditions, and privileges of Plaintiff's employment.

1

## II.   JURISDICTION AND VENUE

4.   The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America.  The court also has supplemental jurisdiction over the state law claims.  The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

5.   All conditions precedent to the institution of this suit has been fulfilled.  Plaintiff dual filed a charge against Defendants with the EEOC and PHRC, alleging SEPTA's violations of Title VII by its agents, servants and employees and Defendants' violation of the PHRA.  On January 12, 2023, the EEOC issued a right to sue letter to the Plaintiff, a copy of which is attached hereto as Exhibit A.

## III.   PARTIES

6.   Plaintiff, Deborah Bennett, is a citizen of the United States, who currently resides in the Commonwealth of Pennsylvania.

7.   Defendant, SEPTA, is a municipal agency, with its offices located at 1234 Market Street, Philadelphia, PA 19107, and at all times material hereto was Plaintiff's employer.

8.   Defendant Scott Sauer, is a Caucasian male, was SEPTA's Assistant General Manager, and upon information and belief resides in Philadelphia, PA.

## IV.   STATEMENT OF FACTS

9.   Plaintiff is an African American black woman.

10.   Plaintiff was hired by SEPTA in or about September 5, 2000 as a Passenger Receipt Clerk, and on March 31, 2014 promoted to an Administrative Assistant II to the Chief

2

Operating Officer of VEM, Joseph Brennan, performing administrative, secretarial and clerical functions for the Department of Administration, Finance & Capital Program Support.

11. In or about March 2020, Plaintiff was working and designated by SEPTA as "Lead Ambassador" at the Flower Show in Philadelphia Convention Center, where Plaintiff was responsible for guiding other SEPTA employee volunteers ("Ambassadors") working at the event to report to their assigned locations. While performing her duties at this event, Defendant Sauer got upset with Plaintiff because Plaintiff had directed him to report to his assigned section.

12. Following the event, Sauer was talking negatively about Plaintiff to his staff, Leslie Moore, who told Plaintiff about Sauer's comments regarding Plaintiff, and Jessica Mangold apologized to Plaintiff about Sauer's behavior.

13. In or about February 2021, Plaintiff was asked by her supervisor to perform additional duties of another Administrative Assistant, and Plaintiff agreed to do so and was permitted by her supervisor to work 20 to 25 hours of overtime to perform these additional functions.

14. Plaintiff asserts that Defendants discriminated against Plaintiff on the bases of her race, when in or about December 2020 (Fiscal Year 2021), Plaintiff's annual merit increase that was already approved by Plaintiff's supervisor for a 4.5% increase in salary was reduced to 3.5% by Defendants.

15. Yet, Defendants did not reduce the 4.5% salary increase for Plaintiff's younger Caucasian co-worker, Mariellen Medernach , who had only been in the position of Administrative Assistant II for two years, doing the same job as Plaintiff, and who was

also approved for 4.5% merit increase by her supervisor. This resulted in Plaintiff's loss of income of about $2,000.

16. Plaintiff's supervisor, Joe Brennan went out sick on June 7, 2021.

17. When Plaintiff's supervisor went out sick, Assistant Chief Officers Mike Civera and Dennis McAnulla filled in for him and also approved of Plaintiff's overtime charges to perform these additional duties.

18. However, on June 22, 2021, SEPTA's Assistant General Manager, Scott Sauer, called Plaintiff into his office, falsely accused Plaintiff of overcharging/stealing overtime hours, and belittled and embarrassed Plaintiff in front of his staff, Trayia Hill, Jessica Mangold and Leslie Moore. Sauer subjected Plaintiff to defamatory statements, as Sauer was yelling at Plaintiff about working "excessive" overtime that she had been requested to do by her supervisors.

19. On or about July 6, 2021, Plaintiff filed an internal complaint of race discrimination against Defendant Sauer with SEPTA's EEO Department wherein she alleged that Sauer subjected her to harassment because of her race and discriminatory reduction of her annual salary increase that had been previously approved by her supervisor.

20. On or about August 5, 2021, Plaintiff was interviewed by SEPTA's EEO Specialist and Employee Relations Manager, Ekaette Odouk, during which Plaintiff informed Ms. Odouk about Defendant Scott's race discriminatory actions against her. Sauer was informed about Plaintiff's EEOC complaint against him by SEPTA's EEO.

21. On or about September 9, 2021, Plaintiff went out sick until on or about December 8, 2021.

4

22. When Plaintiff returned to work, Sauer subjected Plaintiff to retaliatory actions, and started excluding Plaintiff from email communications that Plaintiff should have been included in. Plaintiff would get information about her work from third parties, and not from her direct supervisor, Scott Sauer.

23. On November 3, 2021, Plaintiff initiated an EEOC Charge of Discrimination against SEPTA, and on November 5, 2021, Plaintiff dual filed a Complaint of race and age discrimination and retaliation with the PHRC and EEOC. See Exhibit B attached hereto.

24. On or about January 4, 2022, Plaintiff advised SEPTA's Assistant General Manager of Human Resources Stephanie Deiger, that she had filed a discrimination complaint with the EEOC and PHRC about AGM Sauer's discriminatory actions. Plaintiff also informed Ms. Deiger that she had not received her merit increase that other employees were given since December 2021 for the Fiscal Year 2022 increase.

25. On January 12, 2022, Plaintiff complained to Ms. Deiger that she had still not received her merit increase reflected in her paycheck, and she again disagreed with a 3% annual increase instead of 4.5% given to two Caucasian males similarly situated as her.

26. Plaintiff complained to SEPTA that she had been doing two jobs but was being treated less favorably because of her race and gender as compared to her colleagues, Mike Civera and Ed Carruthers (Caucasian males) who were awarded "Exceeds Expectations" because they were each performing two jobs.

27. Plaintiff further complained to Ms. Deiger that she was not provided with her performance evaluation, did not know who provided the information that went to that evaluation, was not given the opportunity to review the evaluation and to provide feedback and did not receive a copy of the evaluation.

28. Sauer invited everyone in his staff on December 6, 2022, for a Holiday Breakfast, but precluded Plaintiff.

29. On March 1, 2023, Plaintiff was called into a meeting with Sauer, Carol O'Neal, SEPTA's Director of EEO, and Tom Comber, a SEPTA EEO and Employee Relations Manager, and told that the position of the person Plaintiff worked for was been eliminated, and Plaintiff was reassigned to a less desired position, to perform the duties of a higher grade Senior Operations Administrator in CCT, (grade 38), but being paid at a lower grade 36 salary.

30. The position Plaintiff was reassigned to was downgraded to a grade 36 by Defendants and retitled from Senior Operations Administrator to Administrative Assistant II, resulting in Plaintiff being denied compensation at a grade 38 level.

31. Also, Plaintiff's benefit of teleworking that she has previously been granted was terminated by SEPTA on or about March 16, 2023.

## IV.   STATEMENT OF CLAIMS

### COUNT ONE –TITLE VII VIOLATION –RACE DISCRIMINATION
### Plaintiff v. SEPTA

32. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-one (31) as if same were fully set forth at length herein.

33. The acts and conducts of Defendant SEPTA through its respective agents, officers, employees, and officials as stated above where Plaintiff was subjected to hostile work environment and discriminatory compensation because of her race, are violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq.

6

34. As a direct result of the said discriminatory practices of the Defendant in violation of Title VII, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation.

## COUNT TWO –TITLE VII VIOLATIONS-RETALIATION
### Plaintiff v. SEPTA

35. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-four (34) as if same were fully set forth at length herein.

36. The acts and conducts of the Defendant as stated above where Plaintiff was subjected to adverse employment actions because she had engaged in protected activities under the statute are violations of Title VII.

37. As a direct result of said retaliatory practices of the Defendant, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT THREE – PHRA VIOLATION – RACE DISCRIMINATION
### Plaintiff v. Defendants

38. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-seven (37) as if same were fully set forth at length herein.

39. The acts and conducts of Defendant SEPTA through its agents, officers, employees, and officials as stated above where Plaintiff was subjected to hostile work environment and discriminatory compensation practices because of her race were violations of the Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. §951 et seq.

40. Defendant Scott Sauer aided and abetted the race discriminatory action of Defendant SEPTA.

7

41. As a result of the said discriminatory practices of the Defendants in violation of the PHRA, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT FOUR – PHRA VIOLATION – RETALIATION
### Plaintiff v. Defendants

42. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through forty-one (41) as if same were fully set forth at length herein.

43. The acts and conducts of Defendant SEPTA through its agents, officers, employees, and officials as stated above where Plaintiff was subjected to retaliatory adverse actions because she engaged in protected activities are violations of the Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. §951 et seq.

44. Defendant Scott Sauer aided and abetted the retaliatory actions of Defendant SEPTA.

45. As a result of the said retaliatory practices of the Defendants in violation of the PHRA, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

VI.        **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgment against Defendants and request that this Honorable Court:

A. Enter judgment against Defendants for back pay, front pay, loss of income, pre and post judgment interests, costs of suit, compensatory damages, punitive damages against Scott Sauer, attorneys' fees, and expert witness fees as permitted by law; and

8

B. Award such other equitable relief, as the Court may deem necessary and just, including but not limited to an Order to make Plaintiff whole.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this Complaint.

Olugbenga O. Abiona, Esquire
Attorney ID # 57026
121 South Broad Street, Suite 1200
Philadelphia, PA 19107
(215) 625-0330
Attorney for Plaintiff

Dated: April 1, 2023

9



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 01/12/2023

**To:** Deborah D. Robinson-Bennett
5825 N. Mascher St.
PHILADELPHIA, PA 19120



Charge No: 530-2022-00643

EEOC Representative and email:    Legal Unit
(267) 589-9707

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

**Equal Pay** Act **(EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**COMMONWEALTH OF PENNSYLVANIA**
**GOVERNOR'S OFFICE**
**PENNSYLVANIA HUMAN RELATIONS COMMISSION**

Deborah Robinson-Bennett
_____
Complainant(s)
:    PHRC Case No.

v.

Septa EEO/AA Department
:    EEOC No. 530-2022-00643
_____
Respondent(s)

Bindertek #CLEX   **B**

## COMPLAINT

1. **COMPLAINANT(S) (name(s)/address(es)/phone number(s))**
Deborah Robinson-Bennett    215-605-5151 Cell
5825 N. Maschen St.    215-424-1489 Home
Philadelphia, PA 19120

2. **RESPONDENT(S) (name(s)/address(es)/phone number(s))**
(person, employer, union, labor organization or other entity against whom you are filing this complaint)
Septa EEO/AA Department    215-580-7744
1234 Market St.
6th Floor
Philadelphia, PA 19107
C/o Stephanie Deigen

3. **Number of Employees Employed by Respondent(s):**
☐ Fewer than 4    ☐ 4 to 14    ☐ 15 to 20    ☑ 20+

4a. ☑ I was employed by Respondent as Administrative Asst. ~~Passenger Receipt Clerk~~ since March 31, 2014-Present ~~September 5, 2000~~

4b. ☐ I applied for employment with Respondent as _____ on _____.

5. **Protected Class(es)** (check all reasons you have been discriminated against and specify the class, e.g. race, African American; sex, female)

☑ Race: African American
☐ Color:
☐ Sex:
☑ Age/Date of Birth: 10-15-64
☐ Disability:
☐ Other (specify):

☐ Religious Creed:
☐ National Origin:
☐ Ancestry:
☐ Retaliation
☐ Use of Guide or Support Animal

6.  **Dates of Discrimination:**

Beginning: June 22, 2021        Ending: _____

Continuing?  ☑ Yes        ☐ No

7.  **DESCRIBE THE DISCRIMINATORY CONDUCT, WITH SPECIFICITY, AND EXPLAIN HOW THE DISCRIMINATORY CONDUCT IS RELATED TO YOUR PROTECTED CLASS:**
(e.g. failure to hire, discharge from employment, demotion, leave denied, forced transfer, denial of religious or disability accommodation, retaliation)

On June 22, 2021 I was accused of overcharging/stealing overtime hours by AGM Sauer. I was asked months' earlier by my supervisor to do another Administration Assistant's job this was a full time 40 hour a week job. I agreed to perform this work and I was working approximately 20-25 hours per week overtime for months. My supervisor had no issue with the amount of overtime required to do this work. My supervisor went out sick June 7, 2021. On June 22, 2021 AGM Sauer called me down to his office and accused me of theft of overtime and belittled me in front of his staff. When my supervisor was out sick Mike Civera and Dennis McAnulla both Assistant Chief Officers filled in for him and also had no issues with the overtime required to perform this work. AGM Sauer has discriminated against me because of my race and my age. He recently took money out of my annual raise without discussion with my supervisor about a reason to reduce his 4.5% recommendation, however a Caucasian younger female doing the same job as me was awarded 4.5% by her supervisor and it was not reduced by AGM Sauer. I have other examples of discrimination, harassment and retaliation but I am limited with space.

**WARNING: FAILURE TO COMPLETE THIS SECTION MAY RESULT IN YOUR COMPLAINT BEING REJECTED FOR INSUFFICIENCY.**

8.  Based upon the foregoing, I/we allege that the Respondent(s) violated Section 5 of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, and the implementing regulations, 16 Pa. Code §§ 41.1-47.74.

9.  The Pennsylvania Human Relations Commission has jurisdiction over this matter pursuant to the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

10. I/we pray that the Respondent(s) be required to provide all appropriate remedies under Section 9 of the Pennsylvania Human Relations Act.

11. If applicable, this Complaint will be dual-filed with the U.S. Equal Employment Opportunity Commission (EEOC), pursuant to the work-sharing agreement between the PHRC and the EEOC. Based upon the foregoing, I/we allege that the Respondent(s) violated one or more of the following federal statutes: Title VII of the Civil Rights Act of 1964 and/or The Pregnancy Discrimination Act and/or The Equal Pay Act of 1963 and/or The Age Discrimination in Employment Act of 1967 and/or Title 1 of the Americans with Disabilities Act of 1990 and/or Sections 102 and 103 of the Civil Rights Act of 1991 and/or Sections 501 and 505 of the Rehabilitation Act of 1973 and/or The Genetic Information Nondiscrimination Act of 2008.

## VERIFICATION

I hereby verify that the statements contained in this Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

11-5-21
Date

Signature

DEBORAH Robinson Bennett
Printed Name

Date

Signature

Printed Name

**WARNING: COMPLAINTS MUST BE SIGNED AND FILED WITHIN 180 DAYS OF THE ALLEGED ACT OF HARM.**

**WARNING: IF YOU FAIL TO COMPLETE ANY PORTION OF THIS COMPLAINT, THE PHRC MAY NOT ACCEPT YOUR COMPLAINT FOR FILING.**

# EEOC (INQUIRY) NUMBER: 530-2022-00643

## Inquiry Information

### INQUIRY OFFICE

**Receiving:** Philadelphia District Office

**Accountable:** Philadelphia District Office

### POTENTIAL CHARGING PARTY

**Name:** Ms. Deborah D. Robinson-bennett

**Address:** 5825 N. Mascher St.
PHILADELPHIA, PA 19120

**Year of Birth:** 1964

**Email Address:** hallway5727@gmail.com

**Phone Number:** (215) 424-1489

### POTENTIAL CHARGING PARTY'S DEMOGRAPHICS

**Gender:** F

**Disabled?** I do not have a disability

**Are you Hispanic or Latino?** not hispanic or latino

**Ethnicity:** Black or African American,

**National Origin:** American(U.S.)

### RESPONDENT/Employer

**Organization Name:** SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY

**Type of Employer:** State or Local Government that I applied to, work for, or worked for

**Number of Employees:** 20 or more employees

**Address:** 1234 Market St.
PHILADELPHIA, PA 19107

**County:** Philadelphia

**Phone Number:** (215) 580-7363

### LOCATION OF POTENTIAL CHARGING PARTY'S EMPLOYMENT

**Address:**

**County:**

## RESPONDENT CONTACT

**Name:** SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY

**Email Address:**

**Phone Number:** (215) 580-7363

**Title:**

## REASON(S) FOR CLAIM

**Date of Incident (Approximate):** 06/22/2021

**Reason for Complaint:** Race,Age - I am 40 years of age or older,Color,Retaliation - I complained to my employer about job discrimination

**Pay Disparity:**

**Location of Incident:** Pennsylvania

**Submission (initial inquiry) Date:** 11/03/2021

**Claim previously filed as charge with EEOC?** No

**Approximate Date of Filing:**

**Charge Number:** 530-2022-00643

**Claim previously filed as complaint with another Agency?** No

**Agency Name:**

**Approximate Date of Filing:**

**Nature of Complaint:** Race,Age - I am 40 years of age or older,Color,Retaliation - I complained to my employer about job discrimination

## Adverse Action(s)

On June 22, 2021 I was accused of overcharging/stealing overtime hours by AGM Sauer. I was asked months ago by my supervisor to do another Administrative Assistant?s job this was a 40 hour a week job. I agreed to perform this work and I was working approximately 20-25 hours per week overtime for months.My supervisor went out sick on June 7, 2021. On June 22, 2021 AGM Sauer called me down to his office and accused me of theft of overtime and belittled me in front of his staff. When my supervisor was out sick Mike Civera and Dennis McAnulla both filled in for him and also had no issue with the overtime required to perform this work. AGM Sauer has discriminated against me because of my race and my age. He recently took money out of my annual raise without discussion with my supervisor about a reason to reduce his 4.5% recommendation, however a Caucasian

## RESPONDENT CONTACT

**Name:** SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY

**Email Address:**

**Phone Number:** (215) 580-7363

**Title:**

## REASON(S) FOR CLAIM

**Date of Incident (Approximate):** 06/22/2021

**Reason for Complaint:** Race,Age - I am 40 years of age or older,Color,Retaliation - I complained to my employer about job discrimination

**Pay Disparity:**

**Location of Incident:** Pennsylvania

**Submission (initial inquiry) Date:** 11/03/2021

**Claim previously filed as charge with EEOC?** No

**Approximate Date of Filing:**

**Charge Number:** 530-2022-00643

**Claim previously filed as complaint with another Agency?** No

**Agency Name:**

**Approximate Date of Filing:**

**Nature of Complaint:** Race,Age - I am 40 years of age or older,Color,Retaliation - I complained to my employer about job discrimination

## Adverse Action(s)

On June 22, 2021 I was accused of overcharging/stealing overtime hours by AGM Sauer. I was asked months ago by my supervisor to do another Administrative Assistant?s job this was a 40 hour a week job. I agreed to perform this work and I was working approximately 20-25 hours per week overtime for months.My supervisor went out sick on June 7, 2021. On June 22, 2021 AGM Sauer called me down to his office and accused me of theft of overtime and belittled me in front of his staff. When my supervisor was out sick Mike Civera and Dennis McAnulla both filled in for him and also had no issue with the overtime required to perform this work. AGM Sauer has discriminated against me because of my race and my age. He recently took money out of my annual raise without discussion with my supervisor about a reason to reduce his 4.5% recommendation, however a Caucasian