IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DEBORAH BENNETT | : | CIVIL ACTION No. 23-cv-01271-GJP |
| Plaintiff | : |  |
| vs. | : |  |
|  | : |  |
| SEPTA | : |  |
| SCOTT SAUER | : |  |
| Defendants | : |  |

## AMENDED COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

1. Plaintiff in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon his causes of action, avers as follows:

2. This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C 2000e, et seq., and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §951, et seq, which prohibits race discrimination and retaliation by employers, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, deliberate and intentional discrimination and retaliation by Defendant SEPTA, with respect to the wages, compensation, benefits, terms, conditions, and privileges of Plaintiff's employment.

1

## II. JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provides for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America. The court also has supplemental jurisdiction over the state law claims. The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

5. All conditions precedent to the institution of this suit has been fulfilled. Plaintiff dual filed a charge against Defendants with the EEOC and PHRC, alleging SEPTA's violations of Title VII by its agents, servants and employees and Defendants' violation of the PHRA. On January 12, 2023, the EEOC issued a right to sue letter to the Plaintiff for her first EEOC Charge and on April 17, 2023 the EEOC issued a right to sue letter to Plaintiff for a second charge filed by Plaintiff for retaliation by Defendants following the issue of the first right to sue letter. Attached hereto as Exhibit A are copies of the EEOC right to sue notices.

## III. PARTIES

6. Plaintiff, Deborah Bennett, is a citizen of the United States, who currently resides in the Commonwealth of Pennsylvania.

7. Defendant, SEPTA, is a municipal agency, with its offices located at 1234 Market Street, Philadelphia, PA 19107, and at all times material hereto was Plaintiff's employer.

8. Defendant Scott Sauer, is a Caucasian male, was SEPTA's Assistant General Manager, and upon information and belief resides in Philadelphia, PA.

IV. **STATEMENT OF FACTS**

9. Plaintiff is an African American black woman.

10. Plaintiff was hired by SEPTA in or about September 5, 2000 as a Passenger Receipt Clerk, and on March 31, 2014 promoted to an Administrative Assistant II to the Chief Operating Officer of VEM, Joseph Brennan, performing administrative, secretarial and clerical functions for the Department of Administration, Finance & Capital Program Support.

11. In or about March 2020, Plaintiff was working and designated by SEPTA as "Lead Ambassador" at the Flower Show in Philadelphia Convention Center, where Plaintiff was responsible for guiding other SEPTA employee volunteers ("Ambassadors") working at the event to report to their assigned locations. While performing her duties at this event, Defendant Sauer got upset with Plaintiff because Plaintiff had directed him to report to his assigned section.

12. Following the event, Sauer was talking negatively about Plaintiff to his staff, Leslie Moore, who told Plaintiff about Sauer's comments regarding Plaintiff, and Jessica Mangold apologized to Plaintiff about Sauer's behavior.

13. In or about February 2021, Plaintiff was asked by her supervisor to perform additional duties of another Administrative Assistant, and Plaintiff agreed to do so and was permitted by her supervisor to work 20 to 25 hours of overtime to perform these additional functions.

14. Plaintiff asserts that Defendants discriminated against Plaintiff on the bases of her race, when in or about December 2020 (Fiscal Year 2021), Plaintiff's annual merit increase

that was already approved by Plaintiff's supervisor for a 4.5% increase in salary was reduced to 3.5% by Defendants.

15. Yet, Defendants did not reduce the 4.5% salary increase for Plaintiff's younger Caucasian co-worker, Mariellen Medernach, who had only been in the position of Administrative Assistant II for two years, doing the same job as Plaintiff, and who was also approved for 4.5% merit increase by her supervisor. This resulted in Plaintiff's loss of income of about $2,000.

16. Plaintiff's supervisor, Joe Brennan went out sick on June 7, 2021.

17. When Plaintiff's supervisor went out sick, Assistant Chief Officers Mike Civera and Dennis McAnulla filled in for him and also approved of Plaintiff's overtime charges to perform these additional duties.

18. However, on June 22, 2021, SEPTA's Assistant General Manager, Scott Sauer, called Plaintiff into his office, falsely accused Plaintiff of overcharging/stealing overtime hours, and belittled and embarrassed Plaintiff in front of his staff, Trayia Hill, Jessica Mangold and Leslie Moore. Sauer subjected Plaintiff to defamatory statements, as Sauer was yelling at Plaintiff about working "excessive" overtime that she had been requested to do by her supervisors.

19. On or about July 6, 2021, Plaintiff filed an internal complaint of race discrimination against Defendant Sauer with SEPTA's EEO Department wherein she alleged that Sauer subjected her to harassment because of her race and discriminatory reduction of her annual salary increase that had been previously approved by her supervisor.

20. On or about August 5, 2021, Plaintiff was interviewed by SEPTA's EEO Specialist and Employee Relations Manager, Ekaette Odouk, during which Plaintiff informed Ms.

Odouk about Defendant Scott's race discriminatory actions against her. Sauer was informed about Plaintiff's EEOC complaint against him by SEPTA's EEO.

21. On or about September 9, 2021, Plaintiff went out sick until on or about December 8, 2021.

22. When Plaintiff returned to work, Sauer subjected Plaintiff to retaliatory actions, and started excluding Plaintiff from email communications that Plaintiff should have been included in. Plaintiff would get information about her work from third parties, and not from her direct supervisor, Scott Sauer.

23. On November 3, 2021, Plaintiff initiated an EEOC Charge of Discrimination against SEPTA, and on November 5, 2021, Plaintiff dual filed a Complaint of race and age discrimination and retaliation with the PHRC and EEOC. See Exhibit B attached hereto.

24. On or about January 4, 2022, Plaintiff advised SEPTA's Assistant General Manager of Human Resources Stephanie Deiger, that she had filed a discrimination complaint with the EEOC and PHRC about AGM Sauer's discriminatory actions. Plaintiff also informed Ms. Deiger that she had not received her merit increase that other employees were given since December 2021 for the Fiscal Year 2022 increase.

25. On January 12, 2022, Plaintiff complained to Ms. Deiger that she had still not received her merit increase reflected in her paycheck, and she again disagreed with a 3% annual increase instead of 4.5% given to two Caucasian males similarly situated as her.

26. Plaintiff complained to SEPTA that she had been doing two jobs but was being treated less favorably because of her race and gender as compared to her colleagues, Mike Civera and Ed Carruthers (Caucasian males) who were awarded "Exceeds Expectations" because they were each performing two jobs.

27. Plaintiff further complained to Ms. Deiger that she was not provided with her performance evaluation, did not know who provided the information that went to that evaluation, was not given the opportunity to review the evaluation and to provide feedback and did not receive a copy of the evaluation.

28. Sauer invited everyone in his staff on December 6, 2022, for a Holiday Breakfast, but precluded Plaintiff.

29. On March 1, 2023, Plaintiff was called into a meeting with Sauer, Carol O'Neal, SEPTA's Director of EEO, and Tom Comber, a SEPTA EEO and Employee Relations Manager, and told that the position of the person Plaintiff worked for was been eliminated, and Plaintiff was reassigned to a less desired position, to perform the duties of a higher grade Senior Operations Administrator in CCT, (grade 38), but being paid at a lower grade 36 salary.

30. The position Plaintiff was reassigned to and required to perform the duties was downgraded to a grade 36 by Defendants and retitled from Senior Operations Administrator to Administrative Assistant II, resulting in Plaintiff being denied compensation at a grade 38 level.

31. Also, Plaintiff's employment benefit of teleworking that she had previously been granted and to expire on January 1, 2025 was terminated by SEPTA on or about March 16, 2023.

32. Plaintiff asserts that she has been subjected to further retaliatory actions by Defendants after she received her notice of right to sue in January 2023.

IV.     **STATEMENT OF CLAIMS**

### COUNT ONE –TITLE VII VIOLATION –RACE DISCRIMINATION
### Plaintiff v. SEPTA

33. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-one (31) as if same were fully set forth at length herein.

34. The acts and conducts of Defendant SEPTA through its respective agents, officers, employees, and officials as stated above where Plaintiff was subjected to hostile work environment and discriminatory compensation because of her race, are violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq.

35. As a direct result of the said discriminatory practices of the Defendant in violation of Title VII, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damage to reputation.

### COUNT TWO –TITLE VII VIOLATIONS-RETALIATION
### Plaintiff v. SEPTA

36. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-four (34) as if same were fully set forth at length herein.

37. The acts and conducts of the Defendant as stated above where Plaintiff was subjected to adverse employment actions because she had engaged in protected activities under the statute are violations of Title VII.

38. As a direct result of said retaliatory practices of the Defendant, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT THREE – PHRA VIOLATION – RACE DISCRIMINATION
### Plaintiff v. Defendants

39. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through thirty-seven (37) as if same were fully set forth at length herein.

40. The acts and conducts of Defendant SEPTA through its agents, officers, employees, and officials as stated above where Plaintiff was subjected to hostile work environment and discriminatory compensation practices because of her race were violations of the Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. §951 et seq.

41. Defendant Scott Sauer aided and abetted the race discriminatory action of Defendant SEPTA.

42. As a result of the said discriminatory practices of the Defendants in violation of the PHRA, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT FOUR – PHRA VIOLATION – RETALIATION
### Plaintiff v. Defendants

43. Plaintiff incorporates by reference all allegations alleged in paragraphs one (1) through forty-one (41) as if same were fully set forth at length herein.

44. The acts and conducts of Defendant SEPTA through its agents, officers, employees, and officials as stated above where Plaintiff was subjected to retaliatory adverse actions because she engaged in protected activities are violations of the Pennsylvania Human Relations Act, Title 43 Pa. Cons. Stat. Ann. §951 et seq.

45. Defendant Scott Sauer aided and abetted the retaliatory actions of Defendant SEPTA.

46. As a result of the said retaliatory practices of the Defendants in violation of the PHRA, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning

power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

VI. **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully demands judgment against Defendants and request that this Honorable Court:

A. Enter judgment against Defendants for back pay, front pay, loss of income, pre and post judgment interests, costs of suit, compensatory damages, punitive damages against Scott Sauer, attorneys' fees, and expert witness fees as permitted by law; and

B. Award such other equitable relief, as the Court may deem necessary and just, including but not limited to an Order to make Plaintiff whole.

JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this Complaint.

_____
Olugbenga O. Abiona, Esquire
Attorney ID # 57026
121 South Broad Street, Suite 1200
Philadelphia, PA 19107
(215) 625-0330
Attorney for Plaintiff

Dated: April 18, 2023



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 01/12/2023

To: Deborah D. Robinson-Bennett
5825 N. Mascher St.
PHILADELPHIA, PA 19120

Charge No: 530-2022-00643

EEOC Representative and email:   Legal Unit
(267) 589-9707

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Ms. Deborah Bennett<br>5825 N Mascher Street<br>Philadelphia, PA 19120 | From: Philadelphia District Office<br>801 Market St, Suite 1000<br>Philadelphia, PA 19107 |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2023-04452 | Legal,<br>Legal Unit | (267) 589-9707 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- Less than 180 days have elapsed since the filing date. I certify that the Commission's processing of this charge will not be completed within 180 days from the filing date.

- The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA):* You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Karen McDonough
04/17/2023

**Karen McDonough**
**Deputy District Director**

Enclosures(s)

cc:  Kafi D McCaskill
SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY
1234 Market Street 9th Floor
Philadelphia, PA 19107

Olugbenga O Abiona
ABIONA LAW PLLC
121 South Broad Street Suite 1200
Philadelphia, PA 19107