**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DEBORAH BENNETT,

     *Plaintiff,*

     v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY and
SCOTT SAUER,

     *Defendants.*

CIVIL ACTION
NO. 23-1271

**Pappert, J.**                                         **April 7, 2026**

## MEMORANDUM

Deborah Bennett sued the Southeastern Pennsylvania Transportation Authority and her former supervisor Scott Sauer, alleging race discrimination, hostile work environment and retaliation claims under federal and state law.  The Court granted summary judgment for SEPTA and Sauer on all claims and, after Bennett appealed, the Third Circuit Court of Appeals affirmed.

As the prevailing parties, SEPTA and Sauer filed a bill of costs under 28 U.S.C. § 1920.  Bennett objected, but the Clerk of the Court taxed her $5,242.28.  She then moved for review of the Clerk's judgment under Federal Rule of Civil Procedure 54(d)(1).  The Court denies the motion.

I

On February 2, 2024, the Court granted summary judgment in favor of SEPTA and Sauer and against Deborah Bennett on all claims, *Bennett v. SEPTA*, No. 23-1271, 2024 WL 404959 (E.D. Pa. Feb. 2, 2024), and the Third Circuit affirmed, *see Bennett v. Se. Pa. Transp. Auth.*, No. 24-1376, 2025 WL 1248815 (3d Cir. Apr. 30, 2025).  SEPTA

1

and Sauer then requested the Clerk of Court tax Bennett $6,417.76 for litigation costs,

which included:

- $171.50 for nonexpedited delivery[1] of Nehemiah Mondesir's deposition transcript;

- $203.00 for nonexpedited delivery of Joseph Brennan's deposition transcript;

- $3,107.48 for expedited delivery of Bennett's deposition transcript;

- $624.75 for expedited delivery of Sauer's deposition transcript;

- $472.50 for expedited delivery of Cassandra West's deposition transcript;

- $241.50 for expedited delivery of Stephanie Deiger's deposition transcript;

- $236.25 for expedited delivery of Dennis McAnulla's deposition transcript;

- $225.75 for expedited delivery of Michael Civera's deposition transcript;

- $309.75 for expedited delivery of Carol O'Neal's deposition transcript;

- $189.00 for expedited delivery of Michael Keyes's deposition transcript;

- $611.28 in fees and disbursements for printing;

- $25.00 for Bennett's medical records.

*See* (May 8, 2025 Am. Bill of Costs at 5–20, Dkt. No. 33).

Bennett objected, contending the correct amount was $3,005.00. (Pl.'s Objs., Dkt. No. 34.) She alleged fees associated with expedited delivery should be charged at

---

[1]    The standard rate for deposition transcripts was $3.50 per page whereas expedited delivery was between $4.50 and $5.25 per page. *See* (Mot. for Review ¶¶ 11, 13, Dkt. No. 39).

the standard rate of $3.50, *see* (*id.* at 7–8), and the remaining costs for "unused depositions," medical records, and printing should be excluded as irrelevant or unnecessary, *see* (*id.* at 6–7, 9–11.)

The Clerk of Court disagreed and taxed Bennett $5,242.28. He reduced the amended bill of costs by $1,175.48 because the claimed costs for processing, handling and delivery of encrypted files are not taxable under 28 U.S.C. § 1920. (Clerk's J., Dkt. No. 38.) The next day, Bennett timely moved for review of that judgment. *See* Fed. R. Civ. P. 54(d)(1).

## II

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." *Id.* The Clerk of Court has authority to tax costs, and the Court reviews that decision *de novo*. *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010).

The Third Circuit Court of Appeals has "a strong presumption in favor of awarding costs to the prevailing party." *Id.* The losing party "bears the burden of making the showing that an award is inequitable under the circumstances." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462–63 (3d Cir. 2000). "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Reger*, 599 F.3d at 288.

Under 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as costs:

3

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)   Docket fees under section 1923 of this title;

(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987) ("[D]iscretion [under Rule 54(d)] . . . is solely a power to decline to tax, as costs, the items enumerated in § 1920.").

Bennett repackages the unsuccessful arguments from her objections to Defendants' bill of costs.  First, she contends the expedited deposition transcripts should have been charged at the standard rate of $3.50 per page, reducing the total by $714.00.  (Mot. for Review at 4–5.)  Second, transcript costs for depositions not used in the motion for summary judgment—$1,335.25 in total—are not recoverable under § 1920(2).[2]  (*Id.* at 6–7.)  Third, for similar reasons, the $25.00 in medical records should be excluded.  (*Id.* at 7.)  And fourth, the $611.28 in printing and copying costs lacked "sufficient documentation."  (*Id.* at 7–8.)

---

[2]   Bennett cites the depositions of Mondesir, Civera, McAnulla, O'Neal, Keyes and Brennan. (Mot. for Review ¶ 16.)

A

Section 1920(2) allows a prevailing party to obtain costs for deposition transcripts "which are reasonably necessary for the case." *Smith v. Crown Equip. Corp.*, No. 97-541, 2000 WL 62314, at \*3 (E.D. Pa. Jan. 13, 2000) (citations omitted). But "[f]ees for expedited transcripts are not taxable when incurred 'solely for the convenience of counsel.'" *K7 Design Grp., Inc. v. Five Below, Inc.* No. 21-1406, 2023 WL 4108837, at \*5 (E.D. Pa. June 21, 2023) (quoting *Montgomery County v. Microvote Corp.*, No. 97-6331, 2004 WL 1087196, at \*6 (E.D. Pa. May 13, 2004)).

Expediting eight deposition transcripts was reasonably necessary and not solely for the convenience of counsel. The summary judgment motions deadline was November 21, 2023, *see* (Scheduling Ord. ¶ 4, Dkt. No. 11), and each of those depositions occurred weeks before that date. Sauer's deposition took place on October 30; West's on November 2; McAnulla's, Deiger's Civera's and Bennett's on November 3; O'Neal's on November 6; and Keyes on November 7. (May 8, 2025 Am. Bill of Costs at 10, 12–15, 17–18, 20); *see also K7 Design Grp.*, 2023 WL 4108837, at \*5 (finding fees for expedited costs were reasonably necessary given that the deadline for summary judgment motions was two weeks later); *In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, No. 18-md-2848, 2022 WL 17669114, at \*1 (E.D. Pa. Dec. 14, 2022) (same); *Fitchett v. Stroehmann Bakeries, Inc.*, No. 95-284, 1996 WL 47977, at \*5 (E.D. Pa. Feb. 5, 1996) ("The exigencies and deadlines which inevitably arise in litigation may justify the extra cost associated with a rushed delivery of a deposition transcript. Taxing such costs is appropriate . . . .").

B

Bennett's objection to depositions that went "unused" at summary judgment also fails.  Depositions need only appear "reasonably necessary to the parties in light of the particular situation existing at the time they were taken."  *Microvote Corp.*, 2004 WL 1087196, at *6 (citation omitted).  "The fact alone that the depositions were not used in connection with the motion for summary judgement is insufficient to overcome the presumption that costs will be taxed in favor of the prevailing party."  *Adams v. Teamsters Loc. 115*, 678 F. Supp. 2d 314, 326 (E.D. Pa. 2007).

Bennett provides nothing to suggest the depositions did not appear "reasonably necessary" at the time they were taken.  *See Greene v. Fraternal Ord. of Police*, 183 F.R.D. 445, 449 n.3 (E.D. Pa. 1998) ("[A]n unsuccessful plaintiff may not overcome the presumption that it shall pay costs by simply listing a series of undocumented allegations regarding the impropriety of costs assessed.").  Indeed, Bennett's counsel—not Defendants'—noticed and took the depositions to which she now objects.  *Cf. Adams*, 678 F. Supp. 2d at 326 (finding that depositions were reasonably necessary given that the party objecting to them took them).

C

Bennett next argues her medical records were unnecessary because they weren't "referenced, cited, or used" in the motion for summary judgment *see* (Mot. for Review ¶ 19), but that doesn't matter.  She put her medical condition at issue—and thus made her medical records reasonably necessary—by alleging "mental anguish, emotional distress, humiliation, and damages to reputation."  (Compl. ¶¶ 34, 37, 41, 45, Dkt. No. 1.)

6

D

Finally, Bennett asserts, incorrectly, that the documentation for printing and copying costs was "deficient" because SEPTA and Sauer never identified what was copied or printed, they failed to explain why the copies were necessary for use in the case, and the documentation in the amended bill of costs contained "a mathematical discrepancy." (Mot. for Review ¶ 21.)

Once more, Bennett does not overcome the strong presumption against her. As Defendants pointed out, they billed $0.12 per page for 5,094 pages, totaling $611.28— the amount listed on the amended bill of costs. *See* (May 8, 2025 Am. Bill of Costs at 1). Defendants admit the bill also mistakenly states they printed 5,102 pages at $0.20 per page, *see* (Defs.' Resp. in Opp'n at 6, Dkt. No. 41), but those costs were not included in the total amount, and Bennett offers no evidence suggesting otherwise. Moreover, the printing costs represented "hundreds of pages of discovery, Plaintiff's substantial deposition transcript and accompanying exhibits, ten deposition outlines, and summary judgment drafts and other submissions to the Court." (*Id.*)

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.